**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4693**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LINDA LEA SADR,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:10-cr-00437-LO-1)

Submitted: January 27, 2012      Decided: February 14, 2012

Before KING, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Kevin Brehm, Assistant Federal Public Defender, Caroline S. Platt, Appellate Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Marla B. Tusk, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Linda Lea Sadr pled guilty to two counts of mail fraud, 18 U.S.C.A. §§ 1341, 2 (West Supp. 2011); four counts of wire fraud, 18 U.S.C. §§ 1343, 2 (2006); and two counts of money laundering in a transaction exceeding $10,000, in violation of 18 U.S.C. §§ 1957, 2 (2006). She received a sentence of 144 months' imprisonment. Sadr appeals her sentence, contending that the district court clearly erred in making a four-level adjustment for an offense involving a large number of vulnerable victims, U.S. Sentencing Guidelines Manual § 3A1.1(b) (2010), and a two-level enhancement for use of sophisticated means, see U.S.S.G. § 2B1.1(b)(9)(C). We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007), which requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We first review the sentence for significant procedural error, including whether the district court properly calculated the defendant's Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. If there are no significant procedural errors, we consider the substantive

2

reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010).

Sadr worked in the real estate business in northern Virginia for a number of years. She worked as a loan officer for several mortgage companies and also operated a series of her own companies, through which she represented that she could help homeowners quickly eliminate their home mortgages by means of her "mortgage elimination" or "mortgage challenge" program. Her program was premised on the idea that lenders funding refinance loans were operating illegally and could be sued, thereby forcing them to release mortgages in full. Sadr also offered to invest her clients' money, promising a high rate of return. None of these promises were kept, although Sadr paid off a few of her clients' mortgages, leading them to believe that they had successfully completed her program. These clients then helped her recruit others into her scheme. Many of her clients lost their homes to foreclosure and lost the money they invested with her.

Guidelines section 3A1.1(b) provides a two-level adjustment under subsection (b)(1), which applies "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim," and an additional two-level increase under subsection (b)(2), which applies if the offense involved a

3

large number of vulnerable victims. Before making the adjustment, the court must first determine that a victim was "unusually vulnerable due to age, physical or mental condition, or . . . otherwise particularly susceptible to the criminal conduct." USSG § 3A1.1 cmt. n.2; see United States v. Llamas, 599 F.3d 381, 388 (4th Cir. 2010). The court must also find that the defendant knew or should have known of the victim's unusual vulnerability.[*] Id. Because the court's determination is factual, it is reviewed for clear error. Id.

Sadr argues that the government failed to show that any of the fraud victims were unusually vulnerable or particularly susceptible to her criminal scheme. Thus, she contends that the government failed to show that she knew or should have known of her victims' unusual vulnerability or susceptibility, and that the government failed to show that the offense involved a large number of vulnerable victims.

However, the record reveals that many of Sadr's victims were immigrants who spoke no English or were not entirely fluent in English, and two significant emails she sent

---

[*] The adjustment currently does not require that the defendant have targeted the victim specifically because of his vulnerability, although before the 1995 amendment to § 3A1.1, Application Note 2 stated that the adjustment "applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." See app. C, amend. 521.

suggested that she preferred such clients. We conclude that the evidence before the district court was sufficient to support a finding by a preponderance of the evidence that the enhancement applied, and that the district court did not clearly err in applying it. Llamas and the commentary to § 3A1.1(b)(2) do not require that all victims be unusually vulnerable or susceptible to the fraud, only that a large number of them qualify. In this case, a lack of familiarity with "non-conversational English" disadvantaged many of Sadr's victims by making them less able to understand the suspicious nature of Sadr's sales pitch or the program she proposed to them.

Section 2B1.1(b)(9)(C) of the Guidelines provides for a two-level enhancement to a defendant's offense level if "the offense . . . involved sophisticated means." The enhancement applies when a defendant employs "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2B1.1 cmt. n.8(B). Examples of sophisticated means include "hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts." Id. A defendant's offense of conviction may involve "sophisticated means" even if not every aspect of his scheme was complex or intricate. United States v. Edelmann, 458 F.3d 791, 816 (8th Cir. 2006); see also United States v. Weiss, 630 F.3d 1263,

5

1279 (10th Cir. 2010) ("The Guidelines do not require every step of the defendant's scheme to be particularly sophisticated; rather, as made clear by the Guidelines' commentary, the enhancement applies when the execution or concealment of a scheme, viewed as a whole, is especially complex or especially intricate." (internal quotation marks omitted)); United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010) (no requirement that defendant's individual actions be sophisticated).

Sadr contends that hers was a garden-variety mortgage fraud in which she used companies and accounts that were all openly linked to her and to addresses where she could be reached. However, Sadr created a variety of businesses, including her own title company, which she used to cover the fact that her victims' mortgages were not in the process of being eliminated, as she promised, and that the fees she collected were simply being used to make mortgage payments for other participants. When Sadr stopped making mortgage payments, she created Property Logistics, Inc., falsely claimed that it had bought another of her companies, Maximum Impact, and that Property Logistics, Inc. was slowing the processing of payments. After the mortgage payments stopped and participants began receiving foreclosure notices, the participants were unable to locate Sadr because none of her companies occupied a physical

6

space and she had stopped answering emails. We conclude that application of the enhancement in her case was not clearly erroneous.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>